**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD CASTILLO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MARTIN GAMBOA,<br><br>　　　　Respondent. | Case No. 1:24-cv-01521-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION FOR <u>KELLY</u> STAY<br><br>(ECF No. 7) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

**A. Exhaustion and "Mixed" Petitions**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971).

1

1     "Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

    Here, the instant petition raises three claims for relief: (1) deprivation of right to retain counsel of Petitioner's choice; (2) denial of due process for refusal to grant continuance; and (3) ineffective assistance of counsel. (ECF No 1 at 11–13.[1]) The petition states that "Petitioner raised claims one and two in the California Court of Appeal and the California Supreme Court," but he "has not yet exhausted claim three." (ECF No. 1-1 at 12.)

**B. Stay and Abeyance**

    On February 7, 2025, Petitioner filed a motion for a Kelly stay. (ECF No. 7.) Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. Kelly, 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). A petitioner's use of Kelly's three-step procedure, however, is subject to the requirement of Mayle v. Felix, 545 U.S. 644, 664 (2005),

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

1 that any newly exhausted claims that a petitioner seeks to add to a pending federal habeas
2 petition must be timely or relate back, i.e., share a "common core of operative facts," to claims
3 contained in the original petition that were exhausted at the time of filing. King v. Ryan, 564
4 F.3d 1133, 1143 (9th Cir. 2009). As Kelly "does not require that a petitioner show good cause
5 for his failure to exhaust state court remedies," King, 564 F.3d at 1135, the Court finds that
6 Petitioner may proceed with the Kelly procedure.[2]

7 "Pursuant to section 636, magistrate judges may hear and determine nondispositive
8 matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d
9 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A]
10 motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the
11 unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive,
12 we have adopted a functional approach that looks to the effect of the motion, in order to
13 determine whether it is properly characterized as dispositive or non-dispositive of a claim or
14 defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam,
15 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not
16 dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief
17 sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v.
18 CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)).

19 Here, granting a stay "[does] not dispose of any claims or defenses and [does] not
20 effectively deny . . . any ultimate relief sought." Mitchell, 791 F.3d at 1170 (internal quotation
21 marks and citation omitted). See Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015)
22 (analogizing a motion to stay to a motion to amend and noting that "the dispositive nature of a
23 magistrate judge's decision on a motion to amend can turn on the outcome" and a "magistrate
24 judge's decision to *grant* a motion to amend is not generally dispositive"). Accordingly, the
25 Court has authority to grant a stay in the present matter.

---

[2] "Petitioner respectfully submits that Ground Three, once exhausted, will be timely when he seeks leave from this Honorable Court to amend the Petition to add these claims back in because they are 'tied to a common core of operative facts.'" (ECF No. 7 at 3 (quoting Mayle, 545 U.S. at 655).) In allowing Petitioner to proceed with the Kelly procedure, the Court expresses no opinion as to whether Ground Three is timely and/or relates back to the exhausted claims in the petition.

## II.

## ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion for a <u>Kelly</u> stay (ECF No. 7) is GRANTED; and

2. Within **FOURTEEN (14) days** of the date of service of this order, Petitioner is DIRECTED to file an amended petition for writ of habeas corpus deleting Ground Three. Thereafter, the Court will stay the proceedings pending exhaustion of state remedies.

IT IS SO ORDERED.

Dated:   **March 14, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4