# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD CASTILLO,<br>Petitioner,<br>v.<br>MARTIN GAMBOA,<br>Respondent. | Case No. 1:24-cv-01521-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 23) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.
## BACKGROUND

On December 9, 2021, Petitioner was found guilty by a jury in Merced County Superior Court of multiple sex crimes against two minor victims. (ECF No. 17 at 2[1]; ECF Nos. 22-1, 22-2.) Petitioner was sentenced to an aggregate imprisonment term of seventy years to life. (ECF No. 17 at 3; ECF Nos. 22-1, 22-2.) On June 28, 2023, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. (ECF No. 22-2.) On September 13, 2023, the California Supreme Court denied Petitioner's petition for review. (ECF Nos. 22-3, 22-4.)

On December 12, 2024, Petitioner, through counsel, filed a federal petition for writ of habeas corpus in this Court. (ECF No. 1.) The Court ordered Petitioner to show cause why the

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 4.) On February 7, 2025, Petitioner filed a response to the order to show cause and a motion to stay. (ECF Nos. 6, 7.) On March 14, 2025, the Court granted Petitioner's motion for a stay pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). (ECF No. 8.) On March 27, 2025, Petitioner filed an amended petition containing only exhausted claims, which satisfied the first requirement for a Kelly stay. (ECF No. 9.) On April 8, 2025, the Court stayed the proceedings pending exhaustion of state court remedies. (ECF No. 10.)

On May 1, 2025, Petitioner filed a state habeas petition in the Merced County Superior Court, which denied the petition on June 30, 2025. (ECF Nos. 22-5, 22-6.) On November 4, 2025, Petitioner filed a motion to lift the stay and a second amended petition ("SAP"). (ECF No. 17.) On November 5, 2025, the Court lifted the stay. (ECF No. 18.)

On January 2, 2026, Respondent filed a motion to dismiss the SAP because Claims Two and Three are unexhausted. (ECF No. 23.) Petitioner filed an opposition, and Respondent filed a reply. (ECF Nos. 25, 26.)

## II.

## DISCUSSION

### A. Exhaustion

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

"[F]or purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162–63 (1996). Accord

Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) ("Fair presentation requires that the petitioner 'describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim.'" (citations omitted)). "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (quoting Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)).

1. Claim Two

In the motion to dismiss, Respondent argues that Claim Two of the SAP, which asserts that the trial court erroneously refused to grant a continuance, is unexhausted because the claim was not presented to the California Supreme Court. (ECF No. 23 at 3.) In the opposition, Petitioner contends that "Claim Two arises from the same nucleus of operative facts as Claim One and was litigated as part of Petitioner's federal constitutional claim that the trial court denied his right to retained counsel of choice under the Sixth Amendment and due process" and that the "Ninth Circuit has consistently held that exhaustion is satisfied where the petitioner presents the operative facts and controlling legal principles, even if the claim is later framed differently in federal court," citing Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999). (ECF No. 25 at 4, 5.)

Here, Petitioner's petition for review filed in the California Supreme Court set forth the following as the "question presented": "Did the trial court err in denying petitioner's post-conviction request to discharge retained counsel?" (ECF No. 22-3 at 6.) The heading for the argument section reads: "PETITIONER'S CONVICTIONS AND/OR SENTENCE MUST BE REVERSED DUE TO THE TRIAL COURT'S IMPROPER FAILURE TO PERMIT POST-TRIAL DISCHARGE OF RETAINED COUNSEL." (Id.) Although the body of the argument discussed the timeliness of Petitioner's request to discharge, the petition for review did not specifically assert that the trial court erred in denying a continuance. (Id. at 6–13.)

The Ninth Circuit has held "that a petitioner has 'fairly presented' a claim not named in a petition if it is 'sufficiently related' to an exhausted claim. Claims are 'sufficiently related' or

'intertwined' for exhaustion purposes when, by raising one claim, the petition clearly implies another error." Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) (citing Lounsbury v. Thompson, 374 F.3d 785, 788 (9th Cir. 2004)). However, arguing that the trial court applied the wrong legal standard and that Petitioner's request to discharge counsel was not untimely "does not automatically require the court to consider" whether the trial court violated due process in denying an implied continuance. Wooten, 540 F.3d at 1025.

The petition for review did cite to "*People v. Courts* (1985) 37 Cal.3d 784, 791 [trial courts *should accommodate requests for continuances* to allow defendant to discharge and substitute retained counsel 'to the fullest extent consistent with effective judicial administration]." (ECF No. 22-3 at 12 (emphasis added).) Yet Courts was cited to support Petitioner's argument that his request to discharge counsel was not untimely. "All petitions must be read in context and understood based on the particular words used," and "for purposes of exhaustion, counseled petitions in state court may, and sometimes should, be read differently from pro se petitions." Peterson v. Lampert, 319 F.3d 1153, 1159 (9th Cir. 2003) (en banc). Accord Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003) ("*Peterson* makes clear that, for the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions."). "Exhaustion demands more than drive-by citation, detached from any articulation of an underlying federal legal theory." Castillo, 399 F.3d at 1003. Accordingly, the Court recommends finding that Claim Two is unexhausted.

2. Claim Three

As set forth above, a petitioner can satisfy the exhaustion requirement by providing the *highest state court* with a full and fair opportunity to consider each claim before presenting it to the federal court. Here, Petitioner does not contest that he only raised Claim Three in a state habeas petition filed in the Merced County Superior Court. (ECF No. 25 at 2, 6.) As Petitioner has not sought relief in the California Supreme Court with respect to Claim Three, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1). Accordingly, the Court recommends finding that Claim Three is unexhausted.

///

**B. "Mixed" Petition**

"Federal courts may not adjudicate mixed habeas petitions, that is, those containing both exhausted and unexhausted claims." Henderson v. Johnson, 710 F.3d 872, 873 (9th Cir. 2013). The Court must dismiss without prejudice a mixed petition containing both exhausted and unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. Lundy, 455 U.S. at 522. However, a petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000) ("[D]istrict courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal."). A petitioner may also move to withdraw the entire petition and return to federal court when he has finally exhausted his state court remedies. Additionally, a petitioner may also move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005); Kelly v. Small, 315 F.3d 1063, 1070–71 (9th Cir. 2002).

Here, the Court previously granted a Kelly stay and subsequently lifted the stay upon Petitioner's motion. Accordingly, the Court recommends that Petitioner be allowed to delete the unexhausted Claims Two and Three and proceed with the exhausted Claim One.

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 13) be GRANTED IN PART; and
2. Petitioner be allowed to delete Claims Two and Three and proceed with Claim One.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the

objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 3, 2026**

STANLEY A. BOONE
United States Magistrate Judge