**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONRAD CASTILLO,<br>Petitioner,<br>v.<br>MARTIN GAMBOA,<br>Respondent. | No. 1:24-cv-01521 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS IN PART, AND REFERRING MATTER BACK TO MAGISTRATE JUDGE<br><br>(Docs. 23, 29) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 3, 2026, the magistrate judge issued findings and recommendations that Respondent's motion to dismiss be granted in part and Petitioner be allowed to proceed with wholly exhausted Claim One. (Doc. 29.) On August 13, 2026, Petitioner filed timely objections. (Doc. 30.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Contrary to Petitioner's objections, and as the magistrate judge correctly explained, Petitioner did not exhaust the second claim in his amended petition. He did not argue before the state supreme court that it was an error not to continue his sentencing. He focused instead on the trial court's decision to deny his request to retain a new attorney. (*See* Doc. 29 at 3–4.) It is true

that he briefly addressed continuances in his filing before the state supreme court, but he did not argue that he was entitled to a continuance as a matter of due process. He raised the issue in support of his argument that the lower courts had applied state law incorrectly and had been wrong to believe that a substitution would lead to indefinite delays. (*See, e.g.*, Doc. 22-3 at 11–12.)

The magistrate judge also correctly found that Petitioner did not exhaust his third claim under the procedure laid out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled in part on other grounds as discussed in Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), as the Court permitted him to do in a previous order. (*See* Doc. 29 at 1–2, 5.)

Thus, the Court **ORDERS**:

1. The findings and recommendations issued on August 3, 2026 (Doc. 29) are **ADOPTED IN FULL**.
2. Respondent's motion to dismiss (Doc. 23) is **GRANTED IN PART**.
3. Claims Two and Three are deleted and Petitioner is proceeding solely on the exhausted Claim One.
4. This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: September 30, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE